UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

YULIAN VALDES,
and other similarly situated individuals,

      Plaintiff,

MOJITO CLUB, L.L.C.,
a Florida Limited Liability Company,
and HENRY A. LEACE, individually,

      Defendants.
_____/

## NOTICE OF REMOVAL

COMES NOW, Defendants, MOJITO CLUB, L.L.C. and HENRY A. LEACE, by and through the undersigned counsel, pursuant to 28 U.S.C. §§1331, 1441, and 1446, and hereby files this Notice of Removal of the above-captioned matter from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, Case No.: 2019-021813-CA-01, and as grounds therefore, Defendants show the Court as follows:

    **1.**    **State Court Action**

Plaintiff, YULIAN VALDES, and other similarly situated individuals, ("Plaintiff"), initiated an action that is currently pending in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, styled *Yulian Valdes v. Mojito Club, L.L.C. and Henry A. Leace,* and designated as Case No.: 2019-021813-CA-01 (the "State Court Action").

2. **Statement of Case**

Plaintiff claims that Defendants have violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq.*, (the "FLSA"). *See Compl.* ¶1.

Specifically, Plaintiff's Complaint asserts two counts against the Corporate Defendant, MOJITO CLUB, L.L.C., ("Defendant Mojito" or "Corporate Defendant"): 1) alleging violation of FLSA/Minimum Wage (Count 1); and 2) alleging Wage & Hour Federal Statutory violation (Count 2). Plaintiff's Complaint further asserts one count against the individual Defendant, HENRY A. LEACE, ("Defendant Leace" or "Individual Defendant"): alleged Wage & Hour Federal Statutory violation (Count 3). A true and correct copy of all process, pleadings, orders and other papers or exhibits of every kind currently on file in the State Court Action are being filed as **Composite Exhibit A.**

3. **Basis for Removal of State Court Action**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

Specifically, this action is removable under 28 U.S.C. §1441(a), because the district court would have original jurisdiction under 28 U.S.C. § 1331 (federal question). Accordingly, Defendants remove this action to this Court.

4. **Federal Question**

Removal of the State Court Action to the United States District Court, Southern District of Florida is justified pursuant to 28 U.S.C. §§1331 and 1441.

A Federal question is raised because of Plaintiff's allegations that Defendants violated the FLSA, which arise under the laws of the United States. *Barquin v. Monty's Sunset, L.L.C.*, 975 F. Supp. 2d 1309, 1310 (S.D. Fla. 2013) (acknowledging that claims arising under FLSA give this Court federal question jurisdiction under 28 U.S.C. §1331); *see generally,* Complaint, **Composite Exhibit A**. Whether a claim arises under federal law so as to confer federal question jurisdiction under §1331 is governed by the well-pleaded complaint rule. Under this doctrine, "federal jurisdiction exists…when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

As stated above, removal to the United States District Court is proper because the face of Plaintiff's Complaint alleges claims arising under the law(s) of the United States, specifically, the FLSA. Claims under the FLSA are civil actions arising under the laws of the United States and are therefore within the jurisdiction of Federal District Courts. *Barquin*, 975 F. Supp. 2d at 1310. Moreover, removal is proper as federal question jurisdiction exists at the time of removal. *See e.g., Johnston v. Morton Plant Mease Healthcare, Inc.*, 2007 U.S. Dist. LEXIS 11700 (M.D. Fla. 2007) (holding that removal to federal court was proper as the original complaint (filed in State court) alleged claims under the ADA and FMLA and consequently federal question jurisdiction existed at the time of removal); *Valdivieso v. Atlas Air, Inc.*, 128 F. Supp. 2d 1371 (S.D. Fla. 2001) (denying remand and holding that §1441 and the FLSA, read together, permit the removal of FLSA actions); *see also*, *Behien v. Merril Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002).

Removal is proper under 28 U.S.C. §1331 as Plaintiff seeks to assert a cause of action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201*, et seq.* Specifically, Plaintiff's Complaint seeks damages for unpaid wages and retaliation under 29 U.S.C. §201-219. *See Compl.*, **Composite Exhibit A** at ¶1. Further Plaintiff's Complaint alleges Defendant

"willfully violated §§6 and 15 of the FLSA..."; that the action was brought by Plaintiff to "recover from Defendants unpaid overtime and minimum wage compensation… under … 29 U.S.C. 201, et seq., and specifically under … 29 U.S.C. 207"; and alleges "[j]urisdiction is conferred on this Court by Title 29 U.S.C. §216(b)." *See Compl.*, **Composite Exhibit A** at ¶¶22, 25, 26.  As the four-corners of the Complaint include claims under the FLSA, which exists as a law of the United States (and references the same throughout the Complaint as falling under the laws of the United States), and because such claims are present at the time this Notice is filed, removal is proper based on federal question jurisdiction.

   5. **Timeliness of Notice of Removal**

Plaintiff filed the State Court Action on or about July 23, 2019.  Service of Process of State Court Action was accepted by the individual Defendant, Henry A. Leace on October 24, 2019, as indicated on the Verified Return of Service, dated October 27, 2019, and thus removal is timely. *See,* Verified Return of Service, attached as **Composite Exhibit A.**

Further**,** Service of Process was not effectuated upon the corporate Defendant; instead, Defendant's counsel reached out via email correspondence on November 12, 2019 wherein they offered to agree to accept service on behalf of the Corporate Defendant effective as of November 12, 2019.  The same has been memorialized via an Agreed Order submitted to the State Court. *See,* **Composite Exhibit A**.  Thus, removal is timely pursuant to 28 U.S.C. §1446.  All Defendants join in and consent to the removal of this action.

Specifically, removal is timely under 28 U.S.C. §1446(b) as Defendant Leace was served on October 24, 2019 and Defendant Mojito accepted service in a practical manner on November 12, 2019.  Defendant's deadline to remove this action is thirty (30) days from the date it was served. *See,* 28 U.S.C. §1446(b); *Baily v. Janssen Pharmaceutical, Inc.*, 536 F.3d 1202, 1205 (11th Cir.

2008) ("[I]nterpret[ing] §1446(b) to permit each defendant thirty days in which to seek removal."). Thus, Defendant Leace's deadline to remove this action is November 25, 2019 and Defendant Mojito's deadline to remove this action is December 12, 2019.  *See,* 28 U.S.C. §1446(b); 28 U.S.C. §1446(c).  Given that the instant Notice of Removal has been filed on November 25, 2019, it is timely and proper.  *Id.*

### 6. State Court Pleadings

Copies of the State Court's progress docket printed from the Miami-Dade County Clerk of Court's website and all process, pleadings, orders, and other papers or exhibits on file in the State Court Action are attached hereto in **Composite Exhibit A**, in compliance with 28 U.S.C. §1446(a). Defendants will file any supplemental papers not available as of the date of this notice if it becomes necessary.  Lastly, all procedural requirements have been satisfied as Defendants have paid the appropriate filing fee to the Clerk of Court upon filing this notice.

### 7. Venue

The Miami Division of the United States District Court for the Southern District of Florida is the judicial district embracing the place where the State Court Action was brought and pending, therefore, it is the proper district court to which this case should be removed.  *See*, 28 U.S.C. §§ 89(c), 1441(a), and 1446(a).  Moreover, the Miami Division is the proper division within the Southern District of Florida to which the case should be removed as Plaintiff alleges that he was and is a resident of Miami-Dade County, Florida, Defendant Mojito is a Florida Limited Liability Company which has its principal place of business in Miami-Dade County, that all actions forming the basis of the Complaint occurred within Miami-Dade County, and further conclusively alleges that venus is proper in Miami-Dade County, Florida.  *See* Compl. ¶¶2-5, **Composite Exhibit A.**

**8.     Notice to State Court and Plaintiff**

Simultaneously with filing this Notice of Removal, Defendants shall give written notice to all adverse parties and shall file a copy of this Notice of Removal with the Clerk of the Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

## **CONCLUSION**

WHEREFORE, having fulfilled all statutory requirements, Defendants MOJITO CLUB, L.L.C., and HENRY A. LEACE remove this action from the Circuit Court in and for Miami-Dade County, Florida, to this Court, and requests that this Court assume full jurisdiction over this matter as provided by law.

**Dated:  November 25, 2019.**

                Respectfully Submitted,

                COLE, SCOTT & KISSANE, P.A.
                *Counsel for Defendant*
                Esperante Building
                222 Lakeview Avenue, Suite 120
                West Palm Beach, Florida 33401
                Telephone (561) 383-9228
                Facsimile (561) 683-8977
                Primary e-mail: rachel.beige@csklegal.com
                Secondary e-mail: justin.edell@csklegal.com

By:   /s/ *Justin D. Edell*
      RACHEL K. BEIGE
      Florida Bar No.:  16366
      JUSTIN D. EDELL
      Florida Bar No.:  105105

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of November, 2019, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of Court using the CM/ECF System, which will send notice of electronic filing to all counsel of record on the attached Service List.

By: /s/ *Justin D. Edell*
RACHEL K. BEIGE
Florida Bar No.: 16366
JUSTIN D. EDELL
Florida Bar No.: 105105

**SERVICE LIST**
Anthony M. Georges-Pierre, Esq.
Max L. Horowitz, Esq.
Remer & Georges-Pierre PLLC
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Email: agp@rgpattorneys.com
Email: mhorowitz@rgpattornyes.com
Email: pn@rgpattorneys.com
Email: agpassistant@rgpattorneys.com