UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19-cv-24880

YULIAN VALDES,
and other similarly situated individuals,

    Plaintiff(s),

v.

MOJITO CLUB, L.L.C.,
a Florida Limited Liability Company,
and HENRYA LEACE, individually,

    Defendant(s).
_____/

## FIRST AMENDED COMPLAINT

Plaintiff, YULIAN VALDES, ("Plaintiff"), and other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendants, MOJITO CLUB, L.L.C. and HENRYA LEACE individually, (collectively "Defendants"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for unpaid wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Plaintiff was at all times relevant to this action, and continues to be, residents of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employer for purposes of the FLSA.

3. Defendant, MOJITO CLUB, L.L.C., a Florida Limited Liability Company, has its principal plase of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

4. Defendant, HENRYA LEACE, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, MOJITO CLUB, L.L.C.

5. Venue is proper in Miami-Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami-Dade County, Florida and payment was due in Miami-Dade County, Florida.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff, Yulian Valdes, is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

9. Plaintiff performed work for Defendants as a non-exempt employee from on or about 2013 to on or about February 2019.

10. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week. At all times material hereto, Defendants were on notice of and/or had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

11. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

12. Specifically, Plaintiff worked an average of ten (10) or more hours of overtime each week for Defendants.

13. In addition, throughout Plaintiff's employment with Defendants, Plaintiff was not paid at the proper minimum wage rate for many hours worked for Defendants.

14. Specifically, Plaintiff was paid $750 biweekly when he began his employment with Defendants.

15. However, shortly thereafter, Defendants reduced Plaintiffs pay to only $350 biweekly without notice.

16. Defendants then forced Plaintiff to sign a paper that was printed in English every time he was paid, but Plaintiff only spoke Spanish.

17. If Plaintiff did not sign the paper, Defendants would fire him.

18. Throughout Plaintiff's employment with Defendants, Plaintiff complained to Defendants' General Managers numerous times about not being paid for overtime hours worked.

19. In addition, Plaintiff noticed that Defendant would refill their liquor bottles by placing cheaper liquor in expensive bottles, and would serve this cheaper liquor to customers at the price of the expensive bottles.

20. Plaintiff complained to General Managers Jonathan Tobar and Cesar Reyes about these unlawful and deceptive actions, which are in violation of Florida Statutes 565.11 and Federal Law under 26 U.S. Code § 5301. However, no remedial actions were taken.

21. Plaintiff was subsequently terminated with the pretext that he served two (2) drinks without charging the customer.

22. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

### COUNT I
*Violation of FLSA / Minimum Wage Against MOJITO CLUB, L.L.C.*

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this Complaint as if set out in full herein.

24. During the course of Plaintiff's employment, Plaintiff was not compensated at all for many hours worked for Defendant.

25. Defendant willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed during the relevant time period.

26. As a direct result of Defendant's willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages compensation for hours worked within the three (3) years prior to the filing of this complaint, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages and

4

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### Wage & Hour Federal Statutory Violation Against
### MOJITO CLUB, L.L.C.

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this Complaint as if set out in full herein.

28. This action is brought by Plaintiff to recover from Defendants unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

29. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

30. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do

its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

31. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

32. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

33. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

34. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

35. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

36. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and minimum wage compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**<u>COUNT III</u>**
*Wage & Hour Federal Statutory Violation Against*
*HENRY A LEACE*

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this Complaint as if set out in full herein.

38. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, MOJITO CLUB, L.L.C.

39. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

40. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

41. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT IV
### *Retaliation under the FWA Against*
### *MOJITO CLUB, L.L.C.*

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this Complaint as if set out in full herein.

43. At all times material hereto, Defendant failed to comply with the FWA, which provides, in relevant part: "An employer may not take any retaliatory personnel action against an employee because the employee has: ... (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or

8

regulation."

44. At all relevant times aforementioned, including at the time of Plaintiff's termination and other adverse employment actions, Defendant was aware of Plaintiff's rights as an employee, under Florida Laws and Regulations.

45. At the time of termination and other adverse employment actions, Plaintiff was qualified for and able to adequately perform the essential job functions as required by Defendant.

46. Defendant's termination and other adverse employment actions of Plaintiff's employment was directly and proximately caused by the Defendant's unjustified retaliation for Plaintiff's objections to illegal activities.

47. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses, physical injury, as well as mental pain and suffering.

48. Any allegedly justified reason for Plaintiff's termination asserted by Defendant is a mere pretext for the actual reason for termination—Plaintiff's objections to the aforementioned illegal activity.

49. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to the FWA which protects a person from retaliation for opposing illegal conduct.

50. The aforementioned actions of Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which violates the FWA.

B. Reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to objections to illegal activity.

E. Award any other compensation allowed by law including punitive damages and attorney's fees pursuant to Fla. Stat. § 448.102.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: November 27, 2019

Respectfully submitted,

**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on \_\_11/27/19\_\_ I electronically filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the Florida Courts E-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices.

Rachel K. Beige, Esq.
Florida Bar No.: 16366
Email: Rachel.beige@csklegal.com
COLE, SCOTT & KISSANE, P.A.
222 Lakeview Avenue, Suite 120
West Palm Beach, Fl. 33401
Tel.: (561) 383-9228
Fax: (561) 683-8977

**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com

11