**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:19-cv-24885-DPG

YULIAN VALDES,
and other similarly situated individuals,

    Plaintiff,

v.

MOJITO CLUB, L.L.C.,
a Florida Limited Liability Company,
and HENRY A. LEACE, individually,

    Defendants.
_____/

Original CASE NO.: 1:20-cv-21007;
Per [DE 6] Filing to be on CASE NO.: 1:19-cv-24885-DPG

RAUL VALDES,

    Plaintiff,

v.

MOJITO CLUB, L.L.C.,
a Florida Limited Liability Company,
and HENRY A. LEACE, individually,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiffs Yulian Valdes and Raul Valdes ("Plaintiffs") and Defendants Mojito Club, LLC and Henry A. Leace's ("Defendants") Joint Motion to Approve Settlement and Stipulation of Dismissal with Prejudice (hereafter, "Joint Motion") [D.E. 56]. These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 54]. Having reviewed the

parties' Settlement Agreement which is attached to the Joint Motion [D.E. 56-1], the undersigned finds that due cause exists to approve the settlement and dismiss this case in its entirety with prejudice, pursuant to Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982), with the Court retaining jurisdiction to enforce the parties' Settlement Agreement.

## RECOMMENDATION

Based on the foregoing, the undersigned **RESPECTFULLY RECOMMENDS** that the Joint Motion to Approve Settlement and Stipulation of Dismissal with Prejudice [D.E. 56] be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE** in its entirety, with the Court retaining jurisdiction to enforce the parties' Settlement Agreement.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of September, 2020.

      _____
      ALICIA M. OTAZO-REYES
      UNITED STATES MAGISTRATE JUDGE

cc:    Counsel of Record